UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

SERGIO OCASIO,                                                   14-CV-5565

                            Plaintiff,                        VERIFIED
                                                    COMPLAINT
     -against-                                            AND DEMAND FOR
                                                    A JURY TRIAL

THE CITY OF NEW YORK AND
NEW YORK CITY POLICE OFFICERS
"JOHN DOE 1 - 4 ", EACH SUED
INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY,
                            Defendants.

-----------------------------------------------------X

     1.   This is an action for compensatory and punitive damages for violation of Plaintiff's civil rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and for unlawful imprisonment, harassment, intentional infliction of emotional distress, negligence and negligent hiring and/or retention of incompetent, unqualified, unfit and assaultive employees, by reason of the unlawful acts of defendants.

## JURISDICTION

     2.   This action is brought pursuant to 42 U.S.C. § 1983.  Jurisdiction is founded upon 28 U.S.C. § 1343.  Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

     3.   Plaintiff SERGIO OCASIO is a resident of Bronx County, State of New York.

     4.   At all times hereinafter mentioned, the Defendant New York City Police officers were employees of the defendants and was acting within the scope and authority of their employment. They are sued individually and in their official capacities as New York City Police Officers.

5.  At all times, the defendant New York City owned and maintained the New York City Police Department ("NYPD") and employed the individual defendants sued herein.

6.  NYPD was responsible for the training of its officers.

7.  That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the police department.

8.  At all times herein the defendant, City of New York knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights and intentional infliction of emotional distress of the plaintiff.

FACTS

9.  On or about February 5, 2013, at approximately 5:00 P.M., plaintiff was standing in the second floor hallway of 765 Southern Boulevard, Bronx, New York when the defendant police officers approached him and started yelling at him.

10.  Plaintiff was visiting his friends who live in Apt. 2D, and had just walked with a friend Carlos to the garbage chute, and had thrown out a bag of garbage when the police yelled at him questioning what he had thrown down the incinerator.

11.  Plaintiff stated it was just garbage, but the police accused him of throwing marijuana down the chute, and claimed they could smell it in the air.

12.  Plaintiff told the officers that they were not smoking marijuana. Also, Plaintiff did not smell any marijuana in the hallway.

13.  The police arrested Plaintiff and Carlos and charged them with various crimes including Tampering with Physical Evidence and Possession of Marijuana, although they never found any marijuana.

14.  In fact, the police never even went down into the basement to search through the garbage chute for the alleged marijuana that Plaintiff supposedly threw down.

15.  Plaintiff was taken back to the 41st precinct where the police strip-searched him.

16.  The police found nothing.

17. Plaintiff was processed and taken to Central Booking, but he was released the next day at about 5:00 A.M. without any charges being brought against him.

18. Plaintiff spent approximately 14 hours in custody before he was released from Central Booking without seeing a judge and without being formally charged by the District Attorney's office with any offense.

19. Defendant City has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiff, in its procedures for supervising and removing, when appropriate, unstable and violent officers from their duties, including but not limited to the fact that the defendants knew or should have known of the individual Defendant's tendencies to use unlawful physical force, unlawful seizures, use excessive force, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

20. Defendants knew or should have known that prior to this date, the perpetration of unlawful acts, and the use of excessive force and the infliction of injury to persons in the custody of the individual defendants was occurring, in that there may have been reports of such unlawful conduct by this specific officer, but failed to take appropriate steps to eliminate such unlawful acts.

21. Defendant, among other deficiencies, failed to institute a bona fide procedure in which defendant investigated the unlawful acts of the individual defendants or properly investigated reports of their alleged misconduct.

### AS AND FOR A FIRST CAUSE OF ACTION FOR FALSE ARREST

22. Plaintiff reiterates and realleges the facts stated in paragraphs 1-21 as if stated fully herein.

23. As a result of their actions, Defendants, under "Color of law", deprived Plaintiff of his right to freedom from deprivation of his liberty in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. sec. 1983.

24. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or

by acting with a reckless disregard for whether Plaintiffs' rights would be violated by their actions.

25. As a direct and proximate result of the acts of defendants, plaintiff suffered physical and psychological injuries, and endured great pain and mental suffering.

## SECOND CAUSE OF ACTION FOR POLICY AND CUSTOM OF DELIBERATE INDIFFERENCE

26. Plaintiff reiterates and realleges the facts stated in paragraphs 1-25 as if stated fully herein.

27. Defendants, acting as municipal policymakers, in the hiring, training and supervision of the individual defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain. As such, defendants have violated plaintiff's right to freedom from the use of excessive and unreasonable force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

28. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants committed the unlawful acts referred to above and thus, Defendants are liable for Plaintiff's injuries.

## FOURTH CAUSE OF ACTION FOR INVASION OF PRIVACY (STRIP-SEARCH)

29. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

30. The strip-search of plaintiff, which involved requiring him to pull down his pants, bend over and spread his cheeks, was a violation of plaintiff's privacy rights as guaranteed by the Fourth Amendment to the United States Constitution.

PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiff's rights under state law, and violated Plaintiff's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, 42 USC Sec. 1983 and 42 USC Sec. 1985, and violated Plaintiff's rights under State law; and,

2. Enter a judgment, jointly and severally, against defendants Holder and "John Doe" for compensatory damages in the amount of One Million ($1,000,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against Defendants Holder and "John Doe" for punitive damages in the amount of Three Million ($3,000,000.00) Dollars; and,

4. Enter an Order:

a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

b) Granting such other and further relief which to the Court seems just and proper.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
       June 27, 2014

**RESPECTFULLY,**

/s/

**STEVEN A. HOFFNER, ESQ.**
Attorney for the Plaintiff
325 Broadway, Suite 505
New York, New York 10007
(212) 941-8330
(SH-0585)

## VERIFICATION

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiff in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiff does not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows: investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
       June 27, 2014

                                                    _____/s/_____
                                                   STEVEN A. HOFFNER, Esq.
                                                   (SH-0585)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

SERGIO OCASIO,

                    Plaintiff,        VERIFIED
                                       COMPLAINT
  -against-                        AND DEMAND FOR
                                       <u>A JURY TRIAL</u>

THE CITY OF NEW YORK AND
NEW YORK CITY POLICE OFFICERS
"JOHN DOE 1 - 4 ", EACH SUED
INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY,
                    Defendants.

---------------------------------------------------------X

**STEVEN A. HOFFNER, ESQ.**
Attorney for the Plaintiff
325 Broadway, Suite 505
New York, New York 10007
(212) 941-8330
(SH-0585)